ELY MELTZER, as President of the POULTRY SCHOCHTIM UNION OF GREATER NEW YORK, LOCAL 370, an Unincorporated Association, Plaintiff, *v.* SAMUEL SIEGELMAN, as President of KENESES HASHOCHTIM, an Unincorporated Association, Defendant.

Supreme Court, Special Term, New York County, August 21, 1940.

*Frankle, Ashe & Rifkin* [*David I. Ashe* of counsel], for the plaintiff.

*Goldberg & Goldberg* [*Edward I. Goldberg* of counsel], for the defendant.

PECORA, J. Plaintiff, a labor union, seeks an injunction restraining defendant from picketing any live poultry markets employing members of plaintiff. A temporary restraining order was issued before the argument of the motion. Plaintiff is a labor union of Schochtim, *i. e.*, those certified as qualified to slaughter kosher poultry in accordance with the laws of Hebrew religion. Defendant is also a union of Shochtim, whose members are picketing markets employing Shochtim who are members of plaintiff union. The signs carried state that the market " does not employ union shochtim of Keneses Hashochtim, A. L. A., No. 17."

The court does not have to consider at this time whether defendant is a " *bona fide* " union, or whether the signs carried are misleading, since there is no " labor dispute " here. This is not a case of a jurisdictional dispute between two unions, each trying to represent the employees of a particular business. Picketing in such a case would be legal. (*Stillwell Theatre, Inc.*, v. *Kaplan*, 259 N. Y. 405; *Fur Workers Union* v. *Fur Workers Union*, 308 U. S. 522, affg. 105 F. [2d] 1; *May's Furs & Ready-to-Wear, Inc.*, v. *Bauer*, 282 N. Y. 331.)

In the latter case the Court of Appeals held that to constitute a " labor dispute " under section 876-a of the Civil Practice Act, the dispute " must be one which relates to ' conditions of employment * * * or representation of persons in negotiating * * * conditions of employment.' "

Whether we take the definition of a labor dispute under section 876-a of the Civil Practice Act, or the constitutional definition laid down by the United States Supreme Court in *Thornhill* v. *Alabama* (310 U. S. 88), the present controversy cannot be found to fall within such definitions. There is no dispute here as to wages, hours, working conditions or representation for collective bargaining. There is merely an extra-union difficulty. Defendant's members claim certain rights in plaintiff union and are picketing to enforce those rights. This is not a legitimate purpose of picketing, and will be enjoined. Motion is granted. Settle order containing provision for bond in the sum of $250.